IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-171-BO

| | |
|---|---|
| LATONYA QUICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 16, 19]. A hearing was held on these matters before the undersigned on June 21, 2023, at Raleigh, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed her application on October 1, 2019, alleging disability beginning December 31, 2015. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The decision of the ALJ became the decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining at step one that plaintiff had not engaged in substantial gainful activity since her alleged onset date, the ALJ found at step two that plaintiff had the following severe impairments: obesity, degenerative disc disease of the cervical and lumbar spine, hypertension, and eczema. The ALJ determined that these impairments did not meet or medically equal the severity of one of the listed impairments at step three. At step four, the ALJ made an RFC finding that plaintiff could perform a reduced range of light work and that plaintiff had no past relevant work. The ALJ found at step five that based on plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which plaintiff could perform, such as cleaner, mail clerk, and marker. Accordingly, the ALJ found plaintiff not to be disabled as of the date of the decision.

Plaintiff raises two arguments in support of her motion. First, she contends that the ALJ erred by failing to perform a proper function by function evaluation of plaintiff's ability to stand

3

and walk when forming the RFC and second that the ALJ erred by failing to perform a proper necessity analysis of plaintiff's need for a hand-held assistive device.

The Court agrees that the ALJ failed to properly consider plaintiff's need for a hand-held assistive device, specifically a cane. An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). In making an RFC determination, an ALJ must provide a narrative discussion which includes a "logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). An ALJ's decision "must [also] include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)).

Plaintiff testified at the hearing that she uses a cane for both standing and walking, and she acknowledged that her cane had been given to her and not prescribed. However, the consultative examiner noted in November 2019 that plaintiff had difficulty ambulating with a simple cane and that she could not balance without one. In May 2020, plaintiff was noted to have difficulty walking and in October 2020 she was noted to be using a cane for assistance with ambulation. In evidence submitted to the Appeals Council, which this Court may consider, Dr. Bradford opined that plaintiff could not walk two hundred feet without an assistive device. It is well-documented in the record that plaintiff has lumbar disc disease with pain that radiates down her left leg.

The ALJ determined that because a cane had not been prescribed and because its use was not present throughout the longitudinal record it need not be included in plaintiff's RFC. A hand-

4

held assistive device such as a cane is "medically required" where there is medical documentation establishing the need for such a device which describes the circumstances in which it is required. SSR 96-9p. However, "a prescription or the lack of a prescription for an assistive device is not necessarily dispositive of medical necessity." *Fletcher v. Colvin*, No. T14CV380, 2015 WL 4506699, at *8 (M.D.N.C. July 23, 2015). Here, Dr. Bradford's opinion certainly provides evidence that plaintiff requires a cane to ambulate, particularly over distances, which is consistent with the consultative examiner's opinion which the ALJ rejected. This is evidence that the ALJ should reconcile in the first instance, and remand is therefore appropriate. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). In so doing, the Court does not affirm the ALJ as to plaintiff's remaining argument.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand to the Commissioner for further proceedings is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion [DE 19] is DENIED. The decision of the Commissioner is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this __24__ day of July 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE